## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATIONAL FISHERIES INSTITUTE, et. al. | Before: Joseph A. Laroski, Jr., |
| Plaintiffs, | Judge |
| v. | |
| UNITED STATES, et al., | |
| Defendants. | Court No. 25-00223 |

Dated: October 22, 2025

Ashley Akers, Rafe Peterson (Pro Hac Vice), Andrew McAllister, Kamran Mohiuddin (Pro Hac Vice), and Maggie Pahl (Pro Hac Vice), Holland & Knight LLP, of Washington, D.C., for plaintiffs National Fisheries Institute, et al.

Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, Claudia Burke, Deputy Director, Catherine M. Yang, Trial Attorney, and Blake W. Cowman, Trial Attorney, U.S. Department of Justice, Civil Division, of New York, N.Y., for defendants United States, et al.

## ORDER

Laroski, Judge:

Defendants (collectively, the "Government") request an order staying the deadline, currently set for November 4, 2025, to respond to plaintiffs' motion for preliminary injunction. Defendants request either a stay until 21 days after appropriations are restored to the Department of Justice, or, in the alternative, a 21-day extension of the deadline until November 25, 2025.

In the present action, plaintiffs are seafood companies and trade associations (collectively, "Plaintiffs")[1] challenging the U.S. Department of Commerce's August 2025 country comparability findings under the Marine Mammal Protection Act ("MMPA").  On October 14, 2025, Plaintiffs filed a motion for preliminary injunction, asserting that the U.S. Department of Commerce ("Commerce") findings under MMPA will cause irreparable harm by effectuating "an import ban on all affected fish and fish products beginning January 1, 2026 — sweeping in fisheries that supply nearly the entire U.S. market for blue swimming crab ('BSC') and disrupting billions of dollars in annual seafood trade."  Pls.' Mot. for Prelim. Inj. (ECF No. 17) at 8.

In Landis v. N. Am. Co., the Supreme Court explained that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  299 U.S. 248, 254 (1936).  When considering a request to stay proceedings, the court must "weigh competing interests and maintain an even balance," considering "benefit" and "hardship" alike.  Id. at 259.  The Supreme Court has further articulated that "the burden of making out the justice and wisdom" of a stay order lies "heavily" on the party seeking the stay.  Id. at 256. Alternatively, the court may also grant an extension of a deadline upon a showing of

---

[1] Plaintiffs in this action include the National Fisheries Institute; the Restaurant Law Center; Phillips Foods, Inc.; Heron Point Seafood, LLC; Newport International of Tierra Verde, Inc.; 3Fish, Inc.; Handy Seafood Inc.; Shaw's Southern Belle Frozen Foods, Inc.; Supreme Crab & Seafood, Inc.; Cebu Pacific LLC; Byrd International Inc., and Crustacea Seafood Company, Inc.

"good cause."  <u>Rockwell Automation, Inc. v. United States</u>, 7 F. Supp. 3d 1278, 1282 (CIT 2014).

Here, the Government argues that a stay or extension is warranted because, on September 30, 2025, the appropriations act that had funded the Department of Justice and the Department of Commerce expired, resulting in significant staffing challenges and resource limitations to date.  The Government asserts that, absent a stay or extension, it will face a substantial burden in responding to the motion, because doing so will require "substantial time and effort" compiling and reviewing the administrative record.  Defs.' Mot. for Stay (ECF No. 21) at 4.

Contrary to the Government's claims, however, it has all necessary materials to respond to this motion; a complete, certified administrative record is not required for the Government to brief the preliminary injunction issues at bar.  The Government's concerns regarding the lapse in appropriations and administrative resources, while substantial, do not outweigh the urgency of judicial review in a case in which Plaintiffs allege immediate and compounding harm, including the risk of "immediate layoffs, collapsing supply chains, and the permanent loss of customers and business viability" as the January 1, 2026 effective date nears.  Pls.' Response in Opp'n. to Defs.' Mot. for Stay (ECF No. 22) at 2.

Because the Government does not meet the heavy burden that <u>Landis</u> places on a party seeking to stay judicial proceedings, 299 U.S. at 256, and because the Government has not sufficiently demonstrated good cause for an extension, the Government's motion is **denied**.

It is hereby **ordered** that, considering the immediate and compounding harm alleged and the looming effective date of the measure at issue, the Government shall file its Response to Plaintiffs' Motion for Preliminary Injunction (ECF No. 17) by October 30, 2025.

It is further **ordered** that virtual hearing on Plaintiffs' Motion for Preliminary Injunction is scheduled for 2:00 Wednesday, November 5, 2025, at which time counsel for all parties shall appear before the court.

So ordered.

/s/      Joseph A. Laroski, Jr.

Joseph A. Laroski, Jr., Judge


Dated: October 22, 2025

   New York, New York