## UNITED STATES COURT OF INTERNATIONAL TRADE

NATIONAL FISHERIES INSTITUTE, et al.,

        *Plaintiffs,*

   v.

UNITED STATES, et al.,

        *Defendants*

   and

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

        *Intervenor-Defendants.*

Case No. 1:25-cv-00223-JAL

Before: Judge Joseph A. Laroski, Jr.

### ANSWER OF INTERVENOR-DEFENDANTS

Proposed Intervenor-Defendants Center for Biological Diversity, Natural Resources Defense Council, and Animal Welfare Institute ("Intervenors") answer all claims and allegations raised in Plaintiffs' Complaint (ECF No. 2), as required by Court Rule 24(c)(1). The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied. Intervenors aver, as follows:

### I.  INTRODUCTION

1.  The allegations in the first sentence of Paragraph 1 characterize Plaintiffs' case and the nature of the action, which require no response. To the extent a response is required, Intervenors deny the allegations. In the second sentence, Intervenors admit that the Department of Commerce, through the National Oceanic and Atmospheric Administration and its National Marine Fisheries Service (referred to collectively as "NMFS"), issued comparability finding determinations, finding fisheries from 46 nations to not be comparable to U.S. standards,

including some swimming crab fisheries, which will result in an import ban on those fisheries effective January 1, 2026. Intervenors deny that bans will be limited to 240 fisheries. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 that purportedly banned fisheries "supply nearly the entire U.S. market for pasteurized blue swimming crab ('BSC') meat" and therefore deny the allegations on that basis. The remaining allegations in the second sentence of Paragraph 1 purport to characterize comparability finding determinations of NMFS, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the unidentified statements.

2.      The allegations in the first sentence of Paragraph 2 purport to characterize comparability determinations of NMFS, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the unidentified statements. To the degree the allegations in the first sentence of Paragraph 2 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence of Paragraph 2 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

3.      Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny them on that basis.

4.      Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1 and 2 in Paragraph 4 and therefore deny them on that basis. The allegations in sentences 3, 4, and 5 in Paragraph 4 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. To the degree the allegations in sentence 5 purports to characterize an agency regulation, that regulation speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulation.

5.      The allegations in the first sentence in Paragraph 5 purport to characterize the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §§ 1361 *et seq.*, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute. The allegations in the second sentence in Paragraph 5 purport to characterize a Federal Register notice, 90 Fed. Reg. 42395 (Sept. 2, 2025), which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice. The allegations in the third sentence in Paragraph 5 purport to characterize two comparability determinations, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. The allegations in the fourth sentence of Paragraph 5 are too vague and ambiguous to permit a response, and also state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

6.      The allegations in the first sentence in Paragraph 6 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence of Paragraph 6 consist of characterizations of the relief requested by Plaintiffs, which require no response. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## II.      JURISDICTION AND VENUE

7.      The allegations in the first sentence in Paragraph 7 characterize Plaintiffs' case and the nature of the action, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence in Paragraph 7 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

## III.      PARTIES

8.      Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny them on that basis.

9.      Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny them on that basis.

10.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10 and therefore deny them on that basis. The remaining allegations in Paragraph 10 characterize Plaintiffs' case and the nature of the action, which require no response. To the extent a response is required, Intervenors deny the allegations.

11.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny the allegations.

12.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny the allegations.

13.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1, 2, and 3 in Paragraph 13 and on that basis deny the allegations. The remaining allegations in Paragraph 13 characterize Plaintiffs' case and the nature of the action, which require no response. To the extent a response is required, Intervenors deny the allegations.

14.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 14 and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Phillips Foods, Inc. sources raw materials from Indonesia, the Philippines, and Vietnam, as alleged in the first clause in sentence 3 of Paragraph 14 and on that basis deny the allegations. The second clause of the third sentence in Paragraph 14 purports to characterize the comparability determinations for Indonesia, the Philippines, and Vietnam, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 4, 5, 6, and 7 in Paragraph 14, and on that basis deny the allegations.

15.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny the allegations.

16.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16, and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Heron Point Seafood, LLC imports blue swimming crab ("BSC") and related seafood products from Vietnam, Indonesia, and Sri Lanka, as alleged in the first clause in sentence 2 of Paragraph 16, and on that basis deny the allegations. The second clause of sentence 2 in Paragraph 16 purports to characterize the comparability determinations for Vietnam, Indonesia, and Sri Lanka, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis deny the allegations.

17.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny the allegations.

18.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 18 and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Newport International of Tierra Verde, Inc. sources products from Indonesia, the Philippines, Sri Lanka, Vietnam, and China, as alleged in the first clause in sentence 3 of Paragraph 18 and on that basis deny the allegations. The second clause of the third sentence in Paragraph 18 purports to characterize the comparability determinations for Indonesia, the Philippines, Sri Lanka, Vietnam, and China, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis deny the allegations.

19.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny the allegations.

20.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 20, and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff 3Fish, Inc. purchases raw materials from U.S. importers who source from Indonesia and the Philippines, as alleged in the first clause in sentence 4 of Paragraph 20, and on that basis deny the allegations. The second clause of sentence 4 in Paragraph 20 purports to characterize comparability determinations for Indonesia and the Philippines, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis deny the allegations.

21.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny the allegations.

22.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 22, and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Handy Seafood Inc. sources products from Indonesia, as alleged in the first clause in sentence 3 of Paragraph 22 and on that basis deny the allegations. The second clause of sentence 3 in Paragraph 22 purports to characterize the comparability determination for Indonesia, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determination. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and on that basis deny the allegations.

23.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis deny the allegations.

24.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24 and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Shaw's Southern Belle Frozen Foods, Inc. purchases products from importers who source from Sri Lanka, Indonesia, the Philippines, Vietnam, India, and China, as alleged in the first clause in sentence 2 of Paragraph 24 and on that basis deny the allegations. The second clause of sentence 2 in Paragraph 24 purports to characterize the comparability determinations for Sri Lanka, Indonesia, the Philippines, Vietnam, India, and China, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis deny the allegations.

25.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis deny the allegations.

26.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 26 and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Supreme Crab & Seafood, Inc. sources products from Indonesia, Vietnam, and China, as alleged in the first clause in sentence 3 of Paragraph 26 and on that basis deny the allegations. The second clause of sentence 3 in Paragraph 26 purports to characterize the comparability determinations for Indonesia, Vietnam, and China, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and on that basis deny the allegations.

27.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny the allegations.

28.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 28 and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs Cebu Pacific LLC and Byrd International Inc. "products" [sic] from Indonesia, the Philippines, and Vietnam, as alleged in the first clause in sentence 3 of Paragraph 28 and on that basis deny the allegations. The second clause of sentence 3 in Paragraph 28 purports to characterize the comparability determinations for Indonesia, the Philippines, and Vietnam, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and on that basis deny the allegations.

29.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny the allegations.

30.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 30, and on that basis deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Crustacea Seafood Company, Inc. sources BSC from Indonesia and the Philippines, as alleged in the first clause in sentence 3 of Paragraph 30 and on that basis deny the allegations. The second clause of sentence 3 in Paragraph 30 purports to characterize the comparability determinations for Indonesia and the Philippines, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determinations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and on that basis deny the allegations.

31.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny the allegations.

32.     The allegations in Paragraph 32 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

33.     Intervenors admit the allegations in Paragraph 33.

34.     Intervenors admit the allegations in Paragraph 34.

35.     Intervenors admit the allegations in Paragraph 35.

36.     Intervenors admit the allegations in Paragraph 36.

37.     Intervenors admit the allegations in the first sentence of Paragraph 37. The allegations in the second sentence of Paragraph 37 are characterizations of Plaintiffs' lawsuit, which require no response. To the extent a response is required, Intervenors deny the allegations.

38.     Intervenors admit the allegations in the first sentence of Paragraph 38. The allegations in the second sentence of Paragraph 38 are characterizations of Plaintiffs' lawsuit, which require no response. To the extent a response is required, Intervenors deny the allegations.

39.     Intervenors admit the allegations in the first sentence of Paragraph 39. The allegations in the second sentence of Paragraph 39 are characterizations of Plaintiffs' lawsuit, which require no response. To the extent a response is required, Intervenors deny the allegations.

40.     Intervenors admit the allegations in the first sentence of Paragraph 40. The allegations in the second sentence of Paragraph 40 are characterizations of Plaintiffs' lawsuit, which require no response. To the extent a response is required, Intervenors deny the allegations.

## IV.     LEGAL BACKGROUND

41.     The allegations in Paragraph 41 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute.

42.     The allegations in Paragraph 42 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute.

43. The allegations in Paragraph 43 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute.

44. The allegations in Paragraph 44 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations.

45. The allegations in Paragraph 45 purport to characterize a Federal Register notice and regulations at 50 C.F.R. Part 216 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice and regulations.

46. The allegations in Paragraph 46 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

47. The allegations in Paragraph 47 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

48. The allegations in Paragraph 48 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

49. The allegations in Paragraph 49 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

50. The allegations in Paragraph 50 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

51. The allegations in Paragraph 51 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

52.     The allegations in Paragraph 52 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

53.     The allegations in Paragraph 53 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

54.     The allegations in Paragraph 54 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

55.     The allegations in Paragraph 55 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

56.     The allegations in Paragraph 56 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

57.     The allegations in Paragraph 57 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

58.     The allegations in sentences 1 and 2 of Paragraph 58 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in sentence 3 of Paragraph 58 purport to characterize a Federal Register notice that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice. The footnote in sentence 3 of Paragraph 58 states legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

59.     The allegations in Paragraph 59 purport to characterize a Federal Register notice that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

60.     The allegations in Paragraph 60 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

## V.     FACTUAL BACKGROUND

61.     The allegations in Paragraph 61 purport to characterize a Federal Register notice that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

62.     The allegations in Paragraph 62 purport to characterize a Federal Register notice that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

63.     The allegations in Paragraph 63 purport to characterize a NMFS Decision Memorandum and comparability finding determination reports that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the documents.

64.     The allegations in Paragraph 64 purport to characterize a NMFS Decision Memorandum that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum.

65.     The allegations in Paragraph 65 purport to characterize a NMFS Decision Memorandum that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum. To the degree the allegations in Paragraph 65 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations.

66. The allegations in Paragraph 66 purport to characterize a NMFS Decision Memorandum that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum. To the degree the allegations in Paragraph 66 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations.

67. The allegations in Paragraph 67 purport to characterize a NMFS Decision Memorandum that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum. To the degree the allegations in Paragraph 67 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations.

68. The allegations in Paragraph 68 purport to characterize a government document that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the document.

69. Intervenors admit that, as result of NMFS's comparability finding determinations, some fish and fish products will be prohibited from import on January 1, 2026. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore deny the allegations on that basis.

70. The allegations in the first sentence of Paragraph 70 characterize Plaintiffs' case and the nature of the action, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence in Paragraph 70 purport to characterize NMFS' comparability finding determinations that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the comparability finding determinations. The allegations in the third and fourth sentences of Paragraph 70 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations.

71. The allegations in the first sentence of Paragraph 71 purport to characterize a NMFS comparability finding determination report that speaks for itself and provides the best

evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the report. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 71 and therefore deny them on that basis.

72. The allegations in the first sentence of Paragraph 72 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence in Paragraph 72 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

73. The allegations in the first sentence of Paragraph 73 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 73 and therefore deny them on that basis.

74. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 74 and therefore deny them on that basis. The allegations in the third sentence in Paragraph 74 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

75. The allegations in Paragraph 75 purport to characterize a NMFS comparability finding determination report that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the report. The allegations in the second sentence in Paragraph 75 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

76. The allegations in Paragraph 76 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations. To the degree allegations in Paragraph 76 state legal conclusions, no response is required. To the extent response is required, Intervenors deny the allegations.

77. Intervenors admit the first sentence in Paragraph 77. The allegations in the second sentence of Paragraph 77 purport to characterize a NMFS comparability finding determination

14

report that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the report.

78.     The allegations in the first sentence of Paragraph 78 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence of Paragraph 78 purport to characterize a NMFS comparability finding determination report that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the report. To the degree the allegations in the second sentence of Paragraph 78 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations.

79.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny them on that basis.

80.     The allegations in Paragraph 80 purport to characterize a NMFS comparability finding determination report that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the report.

81.     The allegations in the first sentence of Paragraph 81 purport to characterize a NMFS comparability finding determination report that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the report. To the degree the allegations in the first sentence of Paragraph 81 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence of Paragraph 81 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

82.     The allegations in Paragraph 82 purport to characterize NMFS comparability finding determination reports, a Decision Memorandum, and a Federal Register notice that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations

inconsistent with the plain language, meaning, or context of the documents. To the degree the allegations in Paragraph 82 characterize Plaintiffs' case and the nature of the action, no response is required.

83.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny them on that basis.

84.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny them on that basis.

85.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1 and 2 of Paragraph 85 and therefore deny them on that basis. The allegations in the third sentence of Paragraph 85 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

86.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore deny them on that basis.

87.     Intervenors admit that United States imported around $27.5 billion worth of seafood in 2024, though statistics from different sources vary. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and therefore deny them on that basis.

88.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1 and 3 in Paragraph 88 and therefore deny them on that basis. The allegations in the second sentence of Paragraph 88 purport to characterize a government webpage that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the webpage.

89.     Intervenors admit that import prohibitions on fisheries that have been denied comparability findings will be effective on January 1, 2026. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and therefore deny them on that basis. The allegations in Paragraph 89 are also too vague and

ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations.

90.　　Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny them on that basis.

91.　　Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1, 2, and 3 of Paragraph 91 and therefore deny them on that basis. The allegations in sentences 4 and 5 of Paragraph 91 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

92.　　The allegations in Paragraph 92 purport to characterize a Federal Register notice that speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

93.　　Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore deny them on that basis.

94.　　Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore deny them on that basis.

## VI.　　CLAIMS FOR RELIEF

### COUNT I

95.　　Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 94 of the Answer.

96.　　The allegations in the first sentence of Paragraph 96 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second and third sentences of Paragraph 96 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute.

97.　　The allegations in Paragraph 97 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute.

98.     The allegations in Paragraph 98 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

99.     The allegations in Paragraph 99 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

100.     The allegations in Paragraph 100 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute.

101.     The allegations in Paragraph 101 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

102.     The allegations in the first sentence of Paragraph 102 purport to characterize a Supreme Court case, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the case. The allegations in the second sentence of Paragraph 102 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

103.     The allegations in Paragraph 103 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations.

104.     The allegations in Paragraph 104 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

**COUNT II**

105.     Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 104 of the Answer.

106.     The allegations in Paragraph 106 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

107.     The allegations in Paragraph 107 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

108.     The allegations in Paragraph 108 purport to characterize NMFS comparability finding determination reports that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the reports. To the degree the allegations in Paragraph 108 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations.

109.     The allegations in Paragraph 109 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

110.     The allegations in Paragraph 110 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

111.     The allegations in the first sentence Paragraph 111 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of paragraph 111 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

112.     The allegations in Paragraph 112 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

### COUNT III

113.     Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 112 of the Answer.

114.     The allegations in Paragraph 114 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

115.     The allegations in Paragraph 115 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents.

Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

116.     The allegations in Paragraph 116 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

117.     The allegations in Paragraph 117 purport to characterize the Decision Memorandum, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum.

118.     The allegations in the first sentence of Paragraph 118 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence of Paragraph 118 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

119.     The allegations in Paragraph 119 are too vague and ambiguous to permit a response, which require no response. To the extent a response is required, Intervenors deny the allegations. To the degree the allegations in Paragraph 119 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations.

120.     The allegations in Paragraph 120 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

121.     The allegations in Paragraph 121 purport to characterize the NMFS Decision Memorandum, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum.

122.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 122. The allegations in the second

sentence of Paragraph 122 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations

123.    The allegations in Paragraph 123 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

## COUNT IV

124.    Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 123 of the Answer.

125.    The allegations in Paragraph 125 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

126.    The allegations in Paragraph 126 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

127.    The allegations in Paragraph 127 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

128.    The allegations in Paragraph 128 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

129.    The allegations in Paragraph 129 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

130.    The allegations in Paragraph 130 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

131.    The allegations in Paragraph 131 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

## COUNT V

132.    Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 131 of the Answer.

133.    The allegations in Paragraph 133 purport to characterize three Supreme Court cases, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the cases. To the degree the allegations in Paragraph 133 state legal conclusions, Intervenors deny the allegations.

134.    The allegations in the first sentence of Paragraph 134 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of Paragraph 134 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

135.    The allegations in the first sentence of Paragraph 135 purport to characterize regulations at 50 C.F.R. § 216.24, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of Paragraph 135 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations.

136.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore deny them on that basis.

137.    The allegations in Paragraph 137 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the allegations.

138.    The allegations in sentences 1, 2, and 3 of Paragraph 138 are too vague and ambiguous to permit a response. To the extent a response is required, Intervenors deny the

allegations. The allegations in sentence 4 of Paragraph 138 purport to characterize NMFS's comparability finding determinations, which speaks for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the determination.

139.     The allegations in Paragraph 139 purport to characterize NMFS's comparability finding determinations, a Federal Register notice, and a NMFS Decision Memorandum, which speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the documents.

140.     The allegations in the first sentence of Paragraph 140 purport to characterize a Supreme Court case, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the case. The allegations in the second sentence in Paragraph 140 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

141.     The allegations in the first sentence of Paragraph 141 purport to characterize a Supreme Court case, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the case. To the degree the allegations in the first sentence Paragraph 141 state legal conclusions, Intervenors deny the allegations. The allegations in the second sentence in Paragraph 141 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

142.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 142 and therefore deny them on that basis. In the second sentence of Paragraph 142, Intervenors admit that NMFS issued comparability finding determinations, finding fisheries from 46 nations to not be comparable to U.S. standards. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 142. Intervenors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 142 and therefore deny them on that basis.

143.    The allegations in the first sentence of Paragraph 143 purport to characterize a Supreme Court case, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the case. To the degree the allegations in the first sentence Paragraph 143 state legal conclusions, no response is required. To the extent a response is required, Intervenors deny the allegations. The allegations in the second sentence in Paragraph 143 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

144.    The allegations in Paragraph 144 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

**COUNT VI**

145.    Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 144 of the Answer.

146.    The allegations in the first sentence of Paragraph 146 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of Paragraph 146 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

147.     The allegations in Paragraph 147 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

148.    The allegations in the first sentence of Paragraph 148 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute. The allegations in the second sentence of Paragraph 148 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

24

149.     The allegations in Paragraph 149 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the notice.

150.     The allegations in the first sentence of Paragraph 150 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. The allegations in the second and third sentences of Paragraph 150 purport to characterize a Decision Memorandum, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the Decision Memorandum.

151.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore deny them on that basis.

152.     The allegations in the first sentence of Paragraph 152 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 152 and therefore deny them on that basis.

153.     The allegations in Paragraph 153 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

154.     The allegations in Paragraph 154 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

## COUNT VII

155.     Intervenors incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 154 of the Answer.

156.     The allegations in Paragraph 156 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

157.     The allegations in the first sentence of Paragraph 157 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the statute. The

allegations in the second sentence of Paragraph 157 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

158. The allegations in the first sentence of Paragraph 158 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of Paragraph 158 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

159. The allegations in the first sentence of Paragraph 159 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of Paragraph 159 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

160. The allegations in the first sentence of Paragraph 160 purport to characterize regulations at 50 C.F.R. § 216.24 that speak for themselves and provide the best evidence of their contents. Intervenors deny any allegations inconsistent with the plain language, meaning, or context of the regulations. The allegations in the second sentence of Paragraph 160 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

161. The allegations in Paragraph 161 state legal conclusions, which require no response. To the extent a response is required, Intervenors deny the allegations.

## VII.    RESPONSE TO PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' prayer for relief, which requires no response. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been admitted or responded to, Intervenors deny any and all such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to satisfy conditions precedent to bringing some or all of their claims under applicable law.

2. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3. Some or all of Plaintiffs' claims fail to state a claim for which relief can be granted.

4. Plaintiffs incorporate by reference all defenses raised by any other Defendants in this case.

WHEREFORE, Intervenor-Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgement in favor of Defendants, and grant such further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of October 2025.

*/s/ Natalie Barefoot*
Natalie Barefoot
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
T (415) 217-2000
nbarefoot@earthjustice.org

Sabrina Devereaux
Christopher Eaton
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org
ceaton@earthjustice.org

*Attorneys for Center for Biological Diversity, Natural Resources Defense Council, and Animal Welfare Institute*

Sarah Uhlemann
Center for Biological Diversity
120 State Avenue NE #268
Olympia, WA 98501
T (206) 327-2344
suhlemann@biologicaldiversity.org

*Attorney for Center for Biological Diversity*

Stephen Zak Smith
Natural Resources Defense Council
544 E Main St., Unit B
Bozeman, MT 59715
T (406) 556-9305
zsmith@nrdc.org

*Attorney for Natural Resources Defense Council*