## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATIONAL FISHERIES INSTITUTE, et al., *Plaintiffs,* v. UNITED STATES, et al., *Defendants,* and CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, and ANIMAL WELFARE INSTITUTE, *Applicant-Intervenor-Defendants.* | Case No. 1:25-cv-00223-JAL Before: Judge Joseph A. Laroski, Jr. |

### APPLICANT-INTERVENOR-DEFENDANTS' EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF MOTION TO INTERVENE

Pursuant to United States Court of International Trade (CIT) Rule 3(g), Applicant-Intervenor-Defendants the Center for Biological Diversity, Natural Resources Defense Council, and Animal Welfare Institute (collectively, Conservation Groups) move to expedite briefing and consideration of their Motion to Intervene as Intervenor-Defendants so that they have an opportunity to participate fully in proceedings on Plaintiffs' pending preliminary injunction motion. ECF No. 25. On the same day that Conservation Groups moved to intervene in this action, this Court expedited consideration of Plaintiffs' motion for preliminary injunction. Order, ECF No. 24. Under the expedited schedule, Defendants must file responses by October 30, 2025, and the Court will hold a hearing on November 5, 2025. *Id.* Under Rule 7(d), responses to Conservation Groups' motion to intervene are not due until November 12. Unless briefing and

1

consideration of Conservation Groups' intervention motion is expedited, the Groups will be precluded from full participation in the preliminary injunction proceedings.

As explained in their intervention motion, Conservation Groups have legally protected interests that would be impaired by a ruling granting a preliminary injunction. These include not only their members' protectable interests in the marine mammals that are killed in Southeast Asian blue swimming crab fisheries, but also the Conservation Groups' interests in the comparability findings that Federal Defendants have issued and the import bans that they must implement to fulfill a condition of their settlement with Conservation Groups in this Court (over which Judge Katzmann has retained jurisdiction). Simply put, a preliminary injunction here would negate a negotiated term of the settlement. Federal Defendants may not adequately represent Conservation Groups' interests in preliminary injunction proceedings. Expedited consideration of intervention is required so that Conservation Groups will be able to fully participate and protect the benefit of their settlement and their focused conservation interests in preventing marine mammal harm. In making this motion, Conservation Groups agree to adhere to the Court's expedited briefing schedule, including filing an opposition to the preliminary injunction motion on October 30, 2025.[1]

**ARGUMENT**

Under CIT Rule 3(g), this Court may expedite proceedings upon a showing of "good cause." "Good cause" exists "[1] in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, [2] in a case in which failure to expedite would result in extraordinary hardship to a litigant, or [3] actions where the public interest in enforcement of the statute is particularly strong." *Ontario Forest Indus. Ass'n v. United States*,

---

[1] If the Court does not grant intervention by October 30, Conservation Groups will file a proposed opposition to Plaintiffs' preliminary injunction motion on that date.

30 C.I.T. 1117, 1127 (2006) (footnote and citation omitted).

Good cause exists here because Conservation Groups would be deprived of their ability to defend against a preliminary injunction as parties if the Court does not grant the Groups' intervention motion on an expedited basis. Plaintiffs seek to enjoin import bans on seafood from fisheries that catch and kill marine mammals in excess of U.S. standards. Pls.' Mot. Prelim. Inj. 9, ECF No. 17; *see also* ECF No. 25, at 7. The bans are both supported by the facts and required by the Marine Mammal Protection Act (MMPA). 16 U.S.C. § 1371(a)(2).

Conservation Groups have legally protectable interests in the timely implementation of the bans. Conservation Groups and their members have aesthetic, recreational, and scientific interests in the marine mammals that are caught and killed by the foreign fisheries subject to import bans. Mot. Intervene 12–14, 16–18, ECF No. 25. The Groups have been working for more than a decade to compel Federal Defendants to implement the long-neglected import provisions of the MMPA at issue here. *Id.* at 4–11. It was only after Conservation Groups filed litigation in this Court that Federal Defendants agreed in a binding settlement to determine which fisheries warrant an import ban under the MMPA and to implement the bans on January 1, 2026. *See Nat. Res. Def. Council, Inc. v. Lutnick*, 774 F. Supp. 3d 1348, 1355 (Ct. Int'l Trade 2025) (reciting settlement term that Federal Defendants "shall identify and prohibit the importation of fish and fish products into the United States from all harvesting nations or fisheries for which NMFS has denied a comparability finding" on January 1, 2026). The Court has retained jurisdiction to enforce the settlement. *Id.* at 1356–57. Plaintiffs' requested preliminary injunction would bar Federal Defendants from prohibiting imports from those fisheries on January 1, in contravention of the terms of the settlement with Conservation Groups.

Federal Defendants cannot adequately represent Conservation Groups' interests. *See* Mot. Intervene 20–27. The likelihood of inadequate representation is particularly acute in the preliminary injunction context, where Federal Defendants may have an interest in delaying implementation of the bans. They resisted implementing the bans in a timely fashion in the first place, doing so only after Conservation Groups filed litigation. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995) (finding agency "was unlikely to make strong arguments in support of its own actions considering that it proceeded to make [the challenged] decision largely to fulfill the settlement agreement in the suit [prospective intervenors] filed"). And now the government shutdown and agency staffing cuts have provided additional reasons they may want to delay implementation. *See* Mot. Stay 3, ECF No. 21. Unless Conservation Groups' motion to intervene is expedited, Conservation Groups will not have the ability as full participants to safeguard their significant interests at risk from a preliminary injunction.

The preliminary injunction proceedings are consequential. Plaintiffs state that they seek a preliminary injunction to maintain the status quo; however the status quo allows the continued import of fish and fish products from fisheries which kill or seriously injure marine mammals in excess of U.S. standards in violation of the MMPA. The status quo harms Conservation Groups and their members, and it is the same status quo that Conservation Groups sought and succeeded to change through their 2024 litigation that compelled Federal Defendants to implement their statutory duty under the MMPA and issue import bans. Conservation Groups should have an opportunity to vigorously defend their interests as full parties to this case before any injunction issues.

Moreover, the public interest in enforcement of the MMPA weighs in favor of expediting consideration of Conservation Groups' intervention before issuing a preliminary injunction.

Plaintiffs must demonstrate that their requested injunction serves the public interest. *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1345 (Fed. Cir. 2018). Congress enacted the MMPA for the purpose of marine mammal conservation, both domestically and abroad. 16 U.S.C. § 1361; *see Nat. Res. Def. Council, Inc. v. Evans*, 279 F. Supp. 2d 1129, 1138–39 (N.D. Cal. 2003) ("The Marine Mammal Protection Act . . . reflects the public's profound interest in safeguarding whales, dolphins and other magnificent mammals that still live in the ocean."). An injunction that allows foreign fisheries to continue exporting seafood to the United States while harming and killing marine mammals is contrary to the public interest in enforcing the MMPA. Conservation Groups bring decades of experience and expertise on the MMPA's implementation to protect whales and dolphins, as well as significant knowledge about marine mammal bycatch in foreign fisheries, which will be a crucial element in whether the public interest supports Plaintiffs' requested injunction. *See* Mot. Intervene 28–29. Given that bycatch remains the greatest threat to marine mammals globally, there is a strong public interest in enforcing the MMPA import provisions at issue here to achieve long-overdue conservation benefits.

    For the above reasons, Conservation Groups respectfully ask this Court to expedite briefing and consideration of their motion to intervene in time to participate as full parties in briefing and hearing on the Plaintiffs' preliminary injunction motion.

Respectfully submitted this 23rd day of October, 2025.

                                */s/ Natalie Barefoot*
                                Natalie Barefoot
                                Earthjustice
                                180 Steuart St. #194330
                                San Francisco, CA 94105
                                T (415) 217-2000
                                nbarefoot@earthjustice.org

Sabrina Devereaux
Christopher Eaton
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org
ceaton@earthjustice.org

*Attorneys for Center for Biological Diversity, Natural Resources Defense Council, and Animal Welfare Institute*

Sarah Uhlemann
Center for Biological Diversity
120 State Avenue NE #268
Olympia, WA 98501
T (206) 327-2344
suhlemann@biologicaldiversity.org

*Attorney for Center for Biological Diversity*

Stephen Zak Smith
Natural Resources Defense Council
544 E Main St., Unit B
Bozeman, MT 59715
T (406) 556-9305
zsmith@nrdc.org

*Attorney for Natural Resources Defense Council*

## CERTIFICATE OF COMPLIANCE

This document complies with the word count limitations as provided for in the Court's Standard Chambers Procedures 2(B) because it contains 1,309 words, excluding the parts of the brief exempted by Standard Chambers Procedures 2(B)(1)(c).

<i>/s/ Natalie Barefoot</i><br>
Natalie Barefoot