# EXHIBIT 4



December 3, 2020

Paul N. Doremus
Deputy Assistant Administrator
   for Operations
National Marine Fisheries Service
National Oceanographic and Atmospheric
   Administration
United States Department of Commerce
1315 East-West Highway
Silver Spring, Maryland  20910

*Via* www.regulations.gov

Re:    Modification of Deadlines Under the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act, Interim Final Rule, Docket No. 201023-0279 (85 Fed. Reg. 69515 (Nov. 3, 2020)).

Dear Mr. Doremus:

The National Fisheries Institute ("NFI") supports modification of deadlines under the Marine Mammal Protection Act ("MMPA"), as described in the above-captioned interim final rule.  NFI provides these comments in connection with this rule.

The National Marine Fisheries Service ("NMFS") by the rule does two things.  First, the agency extends the five-year MMPA exemption period through December 31, 2022.  Second, NMFS changes the deadline for comparability finding applications from March 1 of the year of expiration of a comparability finding, to November 30 of the year *prior* to the expiration of a comparability finding.  Consistent with that change, the agency moves the original comparability finding application deadline of March 1, 2021 to November 30, 2021.

As justification for these changes, NMFS cites the significant disruptions of foreign government legislative, scientific, and information-gathering operations by the coronavirus pandemic. Foreign governments as a result of these disruptions have filed fewer MMPA progress reports, and at least 17 sought delay of List of Foreign Fisheries ("LOFF") deadlines or expressed concern over meeting such deadlines.

NFI agrees with the agency's determinations in this interim final rule and commends NMFS for issuing the rule. The pandemic's global impacts on the commercial seafood supply chain have been severe and unprecedented – and they continue to harm all facets of the supply chain even now. Further, NMFS itself has a heavy burden in reviewing LOFF and related submissions from dozens of nations, and then working with those nations on improvements necessary to obtain a comparability finding. Frantically rushing through the foreign government submission process and the agency comparability process could lead to reduced cooperation with foreign governments – many of them well-regarded fishery management regulators and valued U.S. allies – without yielding improvements in actual protections for the marine mammals that the MMPA seeks to protect.

Critically, too, a rushed MMPA comparability process poses a risk to seafood trade, as to both product shipped directly from an MMPA-regulated fishery and product shipped via intermediary nations as defined by agency MMPA regulations. An MMPA logjam now would exacerbate the uncertainty that has bedeviled the global commercial industry this year, and over time could even trigger nontariff retaliation against U.S. seafood *exporters*. NFI therefore strongly agrees with NMFS that the changes made by the interim final rule "will result in fewer disruptions to international seafood trade and [in] a more predictable impact to U.S. seafood wholesalers and retailers when the regulation enters into full effect." (85 Fed. Reg. at 69516).

In light of all this, it is perhaps not surprising that not a single commenter – including seafood stakeholders habitually hostile to global sourcing of product – appears to have filed comments in opposition to the interim final rule, as of 4:30 p.m. EST on December 3, 2020.

NFI supports the interim final rule and urges the agency to convert the rule to a final rule at an appropriate future date.


Sincerely,

/s/ John Connelly


John P. Connelly
President