## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| NATIONAL FISHERIES INSTITUTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00223 |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), plaintiffs, National Fisheries Institute, et al. and defendants, the United States, et al. (collectively referred to as the "Parties") hereby stipulate that the above-captioned matter be dismissed without prejudice pursuant to the attached stipulated order, waiving all rights of appeal, and with each Party to bear its own attorney fees and costs.

Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of the Parties' attached stipulated order and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (noting that a Court may "embody the settlement contract in its dismissal order" and "retain jurisdiction over the settlement contract" in a stipulated dismissal under Rule 41(a)(1)(A)(ii) "if the parties agree.").

Respectfully submitted,

/s/ Ashley Akers                          BRETT A. SHUMATE
Ashley Akers                              Assistant Attorney General
Rafe Petersen (Pro Hac Vice)
Andrew McAllister                         PATRICIA M. McCARTHY
Kamran Mohiuddin (Pro Hac Vice)           Director
Maggie Pahl (Pro Hac Vice)
HOLLAND & KNIGHT LLP                      /s/ Claudia Burke
800 17th Street N.W., Suite 1100          CLAUDIA BURKE
Washington, D.C. 20006                    Deputy Director
Tele: 202-441-5870
Ashley.Akers@hklaw.com                    /s/ Catherine M. Yang by /s/ Claudia Burke
Rafe.Petersen@hklaw.com                   CATHERINE M. YANG
Andrew.Mcallister@hklaw.com               BLAKE W. COWMAN
Kamran.Mohiuddin@hklaw.com                Trial Attorneys
Maggie.Pahl@hklaw.com                     Commercial Litigation Branch
                                          Civil Division, U.S. Department of Justice
Attorneys for Plaintiffs                  P.O. Box 480
                                          Ben Franklin Station
                                          Washington, D.C. 20044
                                          Telephone: (202) 514-4336
                                          Email: catherine.m.yang@usdoj.gov

October 30, 2025                          Attorneys for Defendant

## UNITED STATES COURT OF INTERNATIONAL TRADE

NATIONAL FISHERIES INSTITUTE, et al.,   )
   )
   Plaintiffs,   )
   )
      v.   )   Case No. 1:25-cv-00223
   )
UNITED STATES, et al.,   )
   )
   Defendants.   )

## ORDER

Plaintiffs, National Fisheries Institute, the Restaurant Law Center, Phillips Foods, Inc., Heron Point Seafood, LLC, Newport International of Tierra Verde, Inc., 3Fish, Inc., Handy Seafood, Inc., Shaw's Southern Belle Frozen Foods, Inc., Supreme Crab and Seafood, Inc., Cebu Pacific, LLC., Byrd International Inc., and Crustacea Seafood Company, Inc. ("Plaintiffs"), and Defendants, the United States, U.S. Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Howard Lutnick, in his official capacity as Secretary of Commerce, U.S. Department of Commerce, Eugenio Pineiro Soler, in his official capacity as Assistant Administrator for Fisheries for NOAA, Kristi Noem, in her official capacity as Secretary of Homeland Security, U.S. Department of Homeland Security, and Scott Bessent, in his official capacity as Secretary of Treasury, U.S. Department of the Treasury (collectively, "the Parties"), by and through undersigned counsel, on this 30th day of October, 2025 submit this stipulated order.

WHEREAS, on October 9, 2025, Plaintiffs filed a complaint in this Court, alleging that the United States failed to act as required by the Marine Mammal Protection Act, 16 U.S.C. § 1631 *et seq.* ("MMPA") and failed to comply with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"). *See* Complaint (Dkt. No. 2);

WHEREAS Plaintiffs requested declaratory relief and vacatur of defendants' findings made in the *Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 90 Fed. Reg. 42,395 (Sept. 2, 2025); *See* Complaint (DKT. No. 2);

WHEREAS Plaintiffs filed for a preliminary injunction, moving the Court to:

(1) enjoin enforcement of the import prohibitions scheduled to take effect January 1, 2026, arising from the National Marine Fisheries Service's ("NMFS") September 2, 2025 determinations denying Marine Mammal Protection Act ("MMPA") comparability findings to 240 commercial fisheries across 46 nations;

(2) declare the comparability findings unlawful under the MMPA and APA;

(3) declare unlawful and enjoin enforcement of the NMFS's restriction prohibiting harvesting nations from reapplying until after January 1, 2026; and

(4) grant such other and further relief as the Court deems just and proper.

*See* Pls.' Mot. for Preliminary Injunction at 1 (Dkt. No. 17);

The Parties mutually agree, and the Court orders, as follows:

1.  The January 1, 2026 effective date of the import ban for the swimming crab fisheries located in Vietnam, Philippines, Indonesia, and Sri Lanka (the "Harvesting Nations") ( identified under Fishery ID 12391 (Indonesia gillnets and entangling nets); Fishery ID 2988 (Vietnam gillnets and entangling nets); Fishery IDs 2129 (Philippines' pots/traps); 2130 (Philippines' gillnets and entangling nets); and Fishery ID 2705 (Sri Lanka crab nets, gillnets, and entangling nets)—is stayed pending NMFS's reconsideration determination on the comparability findings for these fisheries.

2.  Within seven (7) days of the Court's entry of this stipulation, Plaintiffs will dismiss this action without prejudice.

3. NMFS will, by 60 days after court's endorsement of stipulation or 60 days after appropriations for NMFS have been restored, whichever comes later, undertake a reconsideration of comparability findings for the swimming crab fisheries identified in Paragraph 1 following the procedures in 50 CFR § 216.24(h)(8)(vii).

    a. During the 60-day period referenced in paragraph 3, NMFS will consult with the Harvesting Nations and permit them to provide further information related to the swimming crab fisheries identified in paragraph 1. To facilitate prompt and effective review, NMFS will provide guidelines directly to the Harvesting Nations similar to those set forth in Appendix A.

    b. If Plaintiffs or other interested parties seek to provide information to NMFS, they must do so by contacting the email address provided in Appendix A by the end of the 60-day period. NMFS will consider information provided by Plaintiffs or other interested parties in determining whether to issue a comparability finding.

4. Within 180 days after the date on which the court endorses this stipulation or appropriations for NMFS have been restored, whichever comes later, NMFS will make a public determination on whether to issue a comparability finding for the Harvesting Nations.

    a. The determinations will be based on the record compiled prior to the September 2025 comparability determinations, any new information received in English from the Harvesting Nations, Plaintiffs, or other interested parties and any other source identified in 50 CFR § 216.24(h)(8)(vii)(A) submitted during the period referenced in paragraph 3a.

    b. NMFS will publish on a publicly-available website a copy of its final document(s) reflecting the agency's rationale for its determinations for each of the Harvesting Nations within five business days of the publication of the final comparability findings in the Federal Register.

    c. NMFS will notify in writing the Harvesting Nations of its decision.

5. If NMFS determines that any of the Harvesting Nations does not meet the requirements for a comparability finding, NMFS will, in cooperation with the Secretaries of

Treasury and Homeland Security, identify and prohibit the importation of fish and fish products into the United States, pursuant to 50 C.F.R. 216.24(h)(9), and notify in writing the Harvesting Nation.

6.      Defendants will confirm to all litigation parties NMFS's performance of the requirements of paragraphs 4 and 5.

7.      Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of the Parties' attached stipulated order and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (noting that a Court may "embody the settlement contract in its dismissal order" and "retain jurisdiction over the settlement contract" in a stipulated dismissal under Rule 41(a)(1)(A)(ii) "if the parties agree.").

SO ORDERED.

DATED:October 31, 2025

_____/s/ Joseph A. Laroski, Jr._____
JUDGE JOSEPH A. LAROSKI, JR.

## Appendix A

Harvesting Nation must submit any additional information that it requests that NMFS consider by email to MMPA.LOFF@noaa.gov. To facilitate reconsideration of a comparability finding, additional information should include, to the extent available, the following contents:

1.  Information specific to marine mammal bycatch in the specific blue swimming crab fisheries that were denied comparability.

2.  Bycatch estimates on a fishery-by-fishery basis, and then broken down by gear type.

3.  Information on strandings associated with or suspected to be associated with gill net gear or pot trap line, including, to the extent known, the numbers of those strandings and the fisheries that may be responsible for those strandings.

4.  A description of the monitoring and reporting requirements specific to marine mammals, by fishery, for all vessels regardless of size.

5.  Any mitigation or conservation plans specific to endangered marine mammals, including the Irrawaddy dolphin. For any plan that has not yet been implemented, a description of the plan must be provided. Such descriptions must contain information as to whether and how the plan is funded, the dates certain by which time the plan will be implemented, how such plan will be enforced, and the marine mammal experts/expertise involved.

Harvesting Nations must include an English translation of all information provided. Harvesting Nations should provide a document summarizing all of the information being submitted and outlining the information included in each supporting document. The additional information must be in addition to (i.e., do not re-submit information) information already produced as part of the comparability finding process.